UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER R. PAVEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-568-PPS-JEM |
| CHRISTINE REAGLE, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher R. Pavey, a prisoner without a lawyer, filed a repetitive 24-page single-spaced amended complaint against thirteen defendants alleging that he was denied access to the courts and the prison's grievance system. ECF 14. He also filed a motion seeking a preliminary injunction. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

At bottom, and stripping away the legalese, Pavey's Amended Complaint alleges that he suffered both a loss of property and a physical injury while in segregation, and his efforts to litigate those claims have been hampered by the defendants. He alleges that he was released from restrictive housing on March 24, 2024, and that under the

Indiana Tort Claims Act ("ITCA"), Ind. Code § 34-13-3-1 et seq., he needed to serve the Commissioner (by way of the IDOC's Tort Claim Administrator) and Warden Neal (the facility head) with a Notice of Tort Claim by September 26, 2024, for the property loss claim and December 24, 2024, for the physical injury claim.[1] He was unable to comply with these deadlines because he was not provided with adequate law library access and because he is indigent and his requests for the envelopes that he needed to serve Warden Neal were denied.

Pavey is suing each individual involved in denying him law library access or envelopes, each person who supervised them, and so on up the chain of command to the Commissioner himself. He is also suing several individuals involved in processing or responding to his grievances about these matters and their supervisors. Additionally, he alleges that the defendants retaliated against him.

## Pavey's Access to Court Claims

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). "The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First

---

[1] The Indiana Tort Claim Act requires production and service of a Notice of Tort Claim within 180 days for property loss and 270 days for personal injury, where the claim is against a state or state agency. *See* Ind. Code § 34-13-3-6; Ind. Code § 34-13-3-7(a); *see also Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2023 WL 4763146, at *2 (N.D. Ind. July 25, 2023)

2

Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Id*. Denial of access to the courts must be intentional; proof of mere negligence is not enough. *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original). Because Pavey asserts that two separate legal claims have been impacted by inadequate law library access and lack of envelopes, they will be examined separately.

First up is Pavey's alleged property claim. On March 27, 2024, Pavey's property was returned to him, and he discovered that some of his property was missing. An inventory of his property took place on November 15, 2023. Another inventory was done on November 28, 2023. The second inventory included only about half of the items included in the November 15, 2023, inventory. Neither inventory used the proper state form for taking an inventory of Pavey's property.

On April 18, 2024, Pavey submitted a form requesting access to the law library. He indicated that he had a deadline of 180 days pursuant to the ITCA, and he asked that he be put on the "deadline list." ECF 14 at 10. Individuals on the list enjoy greater access to the law library than other inmates. This form specifies that the deadline must be verified by a court order or court rule. Pavey believes that the deadline set by the Indiana state legislature should qualify as a court rule. Bessie Leonard, the Supervisor of ISP's law library, would not place Pavey on the deadline list. As a result, from April 18, 2024, through September 26, 2024, he received only one call out pass for access to the library each week, except for two weeks when Leonard was on vacation. *Id.* at 11. While Leonard was away, her supervisor, Donna Carneygee, filled in, and Pavey received five passes during the two weeks Leonard was gone. Leonard was gone on another occasion and Pavey received more than one pass during that period.

Pavey asked Carneygee to intervene to have him added to the deadline list prior to Leonard's vacation. She did not take action to ensure Pavey was added to the list. She also did not admonish Leonard for failing to add Pavey to the list. Pavey discussed this with Dawn Buss (Deputy warden and administrator over law library and Outgoing Legal Mail Services) in person twice and wrote Buss about this issue three times. She too did nothing to ensure Pavey was added to the list.

On September 4, 2024, Pavey sent a "Notice of Tort Claim – Letter of Intent" to Warden Neal and Reagle to show his efforts to comply with the ITCA. The letter explained that he had not been put on the deadline list. He received no response to his

4

notice of intent. He filed grievances about this matter, but he did not receive responses to his grievances either.

On September 25, 2024, a law clerk responsible for the deadline list told Pavey that he was going to add him to the deadline list for thirty days. But the deadline for the Notice of Tort Claim relating to the property loss claim was the next day. Furthermore, despite the law clerk indicating that he would be added to the list, he didn't follow through. Pavey indicates he was not able to complete his Notice of Tort Claim until October 4, 2024.

The notice was further delayed because Pavey is indigent and relies upon the prison to provide mailing envelopes, but Leonard refused to issue Pavey a legal mail envelope so that the document could be served in a manner that complied with the ITCA, which requires that the notice "must be delivered in person or by registered or certified mail." Ind. Code § 34-13-3-12. Leonard insisted that Pavey could just put the notice in the counselor's box and it would get to Warden Neal. Pavey tried to explain that inmates have had claims rejected for doing this, but Leonard could not be persuaded to issue a legal mail envelope for something to be mailed to Warden Neal, who was accessible through interoffice mail. Due to Leonard's refusal, Pavey could not comply with the notice requirements of the ITCA. His Notice of Tort Claim was denied on October 31, 2024, because he did not comply with the deadline. ECF 14 at 7, 16.

For purposes of this order, the Court will assume that Pavey's property loss claim is sufficiently meritorious. Pavey is entitled to both adequate law library access to enable him to initiate a legal claim and, if he is indigent, envelopes necessary to serve

5

documents. "[I]ndigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824–25; *see also Ripp v. Nickel*, 838 F.Supp.2d 861, 864 (W.D. Wis. 2012). But Pavey had approximately 26 opportunities to go to the law library between March 27, 2024, and September 26, 2024. This does not include the week where Leonard was away and he was able to go to the library two or three times. That is *more than adequate* law library time to allow a pro se litigant to prepare a Notice of Tort Claim. Pavey argues that because he had a deadline of 180 days to serve the Notice of Tort Claim, he should be permitted to attend the law library and work on his Notice of Tort Claim five days a week. *See* ECF 14 at 22.

Despite having more than adequate law library access, Pavey was not ready to mail his Notice of Tort Claim by the deadline. The refusal to provide an envelope did not cause Pavey to miss his deadline, because he was not ready to send the notice. The defendants' actions did not hinder Pavey's property claim; his own failure to use his law library time wisely and complete the Notice of Tort Claim in a timely manner hindered his claim. Therefore, I will not allow Pavey to proceed on an access to courts claim stemming from his alleged property loss.

Next up is Pavey's personal injury claim. Pavey provides no details whatsoever about his personal injury claim. Therefore, it cannot be plausibly inferred that the claim was meritorious. This alone is a sufficient basis for me to deny him leave to proceed on an access to court claim stemming from his alleged personal injury. But, the claim fails for another reason too. As with his property loss claim, inadequate law library access is

not the cause of Pavey's inability to access the courts. Once a week law library access was more than adequate to permit an inmate to complete a simple tort claim notice in the time permitted. Pavey had nearly *nine months* of regular law library access to prepare his Notice of Tort Claim. Pavey's amended complaint asserts he did not either "[p]roduce and/or serve" this Notice of Tort Claim by the deadline either, and "it became impractical to do so." ECF 14 at 7. Thus, like with his property claim, it was not the lack of envelopes that hindered his access to the courts but his own failure to complete the task by the deadline. Therefore, Pavey may not proceed on a claim of denial of access to the courts based on his alleged personal injury occurring while he was housed in disciplinary segregation.

Pavey's Access to the Grievance Process

Pavey also claims the defendants collectively conspired with the offender grievance manager to deny him access to the grievance process, with the purpose of preventing him from holding them accountable for their actions in court. Pavey's allegations against the defendants collectively do not state a claim. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing.").

Additionally, Pavey has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). What's more, "the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). All of which is to say that Pavey cannot proceed against the individuals he is suing for their role in processing or responding to (or failing to process or respond to) his grievances. This includes Joshua R. Wallen (supervisor of offender grievance office), Grievance Officer Alicia Caldanaro, Grievance Officer Nina Hummell, Grievance Officer Leslie Gallagher, Department Offender Grievance Manager of IDOC's Central Office Isaac Randolph, Department Offender Grievance Manager of IDOC's Central Office Karson Hartz, and Mark Newkirk.

## Pavey's Allegation of Retaliation

Pavey next alleges the defendants collectively retaliated against him for exercising his First Amendment rights by filing grievances. Under the First Amendment, an inmate cannot be punished for engaging in certain kinds of speech. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted).

As to the first element of the claim, it is plain that filing a grievance qualifies as "protected activity" for purposes of a First Amendment claim. *See id*. On the second element, when determining whether an action is sufficiently adverse, courts consider "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). As for the third factor, it requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Pavey alleges that he was deprived of law library access which ultimately deprived him of access to the courts. Let's suppose this would deter a person of reasonable firmness from continuing to engage in First Amendment activity. Pavey cannot proceed anyway because he has not alleged facts from which it can be inferred that there is a causal link between the filing of grievances and his lack of law library access. Pavey does not allege that any particular defendant retaliated against him; he merely refers to the defendants jointly. It is also unclear which grievances he believes led to retaliation. To the extent he is claiming that he was retaliated against for filing grievances based on not getting the law library access he wanted, it does not follow that the filing of the grievance was a cause of denying law library access because the lack of law library access predated the grievance. Therefore, he has not alleged facts from which it can be plausibly inferred that any defendant was retaliating against him for filing grievances when they denied him greater access to the law library.

<u>Pavey's Request for a Preliminary Injunction</u>

9

Pavey also filed a motion seeking a preliminary injunction. ECF 12. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As discussed above, Pavey's amended complaint does not state a claim. In the absence of a complaint that states a claim, I cannot find that a plaintiff has demonstrated a reasonable likelihood of success on the merits. Because the amended complaint does not state a claim for which relief can be granted, no preliminary injunction can be granted.

Furthermore, the allegations in Pavey's complaint do not suggest that he is likely to suffer any irreparable harm. Pavey seeks an injunction against possible future retaliation in many forms. The mere possibility of future harm is far too speculative to warrant a preliminary injunction. *See id.* at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Therefore, I will deny his request for preliminary injunctive.

Other Matters

Finally, Pavey filed a motion asking that I excuse him for not including exhibits with his complaint because he was unable to obtain access to space to organize the exhibits he would have liked to have included with his amended complaint. ECF 13. Pavey is not required to prove his case at this stage. Exhibits are not required. Therefore, I will deny this motion (ECF 13) as unnecessary.

## Conclusion

This amended complaint does not state a claim for which relief can be granted. The significant amount of law library access Pavey enjoyed together with his failure to complete Notice of Tort Claim forms by either the September 26, 2024, or December 24, 2024, deadlines leave me doubtful that Pavey will be able to state a denial of access to courts claim based on his alleged loss of property and personal injury. Nonetheless, if Pavey believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. If Pavey decides to file an amended complaint, he needs to write a ***SHORT AND PLAIN STATEMENT*** explaining what happened to him in his own words. He needs to include dates and explain what each defendant did wrong. He needs to use each defendant's

11

name every time he refers to that defendant. He should *not* quote from cases or statutes, use legal terms, or make legal arguments. For these reasons, the court:

(1) DENIES Sir Christopher R. Pavey's motion seeking a temporary restraining order or preliminary injunction (ECF 12);

(2) DENIES Sir Christopher R. Pavey's motion seeking to Excuse Plaintiff's Inability to Comply with Previously Intended Completion of Amended Complaint and Exhibits (ECF 13);

(3) GRANTS Sir Christopher R. Pavey until **October 29, 2025**, to file an amended complaint; and

(4) CAUTIONS Sir Christopher R. Pavey that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 29, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT